# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DANNY L. ROBINSON**                                                          **PLAINTIFF**

**V.**                                                **CASE NO. 3:07CV74**

**RODGER RYAN**
**INTERVECT U.S.A., INC.**
**MISSISSIPPI MUNICIPAL WORKERS'**
**COMPENSATION GROUP AND TOWN OF SHERMAN**           **DEFENDANTS**

## ORDER

This cause comes before the court on the second motion in limine [77] of the plaintiff, Danny L. Robinson, seeking to exclude any evidence of the property damage resulting from the wreck causing the subject injuries.

Robinson argues the amount of property damage is irrelevant and substantially more prejudicial than probative under Federal Rules of Evidence 401 and 403. Robinson is seeking compensation only for his personal injuries. He contends that evidence of the property damage is irrelevant, because it does not make it more or less probable that he suffered an injury. On this point his request fails. Robinson contends that he was injured in the wreck. Evidence of the wreck is obviously relevant as to whether or not an injury occurred. Further the extent of the damage caused by the wreck is relevant to the extent of Robinson's injuries.

Robinson does not really dispute that the amount of property damage is relevant to the amount of his bodily injury. Instead Robinson argues the evidence should be excluded because it is not backed up by expert testimony. However, the evidence to be admitted does not require expert testimony.

The defense first seeks to introduce lay witness testimony about the speed at which the car was traveling when the accident occurred. The speed of an accident is relevant both to a party's negligence and to the extent of injuries caused. *See Davis v. ROCOR International*, 226 F. Supp. 2d 839, 843 (S.D. Miss. 1997). The perceived speed of a vehicle is within the province of admissible lay testimony. Fed. R. of Evid. 701; *United States v. Carlock*, 806 F.2d 535, 552 (5th Cir. 1986). This evidence is thus relevant and properly admitted. Further the court finds that the probative value of this evidence is not substantially outweighed by its unfair prejudice as contemplated by Federal Rule of Evidence 403. This evidence is prejudicial to Robinson's claim, but that prejudice is not unfair. Additionally, Robinson may rebut any inference drawn from the speed of the crash by presenting testimony which supports his cause.

Secondly, the defendant seeks to introduce photographic evidence of the aftermath of the crash. This evidence is relevant based on the same reasoning. Evidence of the effects of the crash clearly go to show the extent of injury that may have been suffered by Robinson. Photographs themselves are admissible if they represent "a correct likeness of the scene . . . [they] purport[] to represent." *Georgia Southern & F. Ry. Co. v. Perry*, 326 F.2d 921, 923 (5th Cir. 1964). The photographs here are relevant and properly supported. Further their probative value is not substantially outweighed by their prejudicial effect. The photographs show the force of the collision and go directly to the damages suffered by Robinson. Any prejudice they create for Robinson's case is not unfair. Instead the photographs simply show what happened. Again Robinson will have ample opportunity to rebut any inference from the photographs by presenting his own evidence.

Robinson's motion in limine to exclude any evidence of the property damage resulting from the wreck that caused the subject injuries is DENIED.

This the 3rd day of December, 2008.

                          **/s/ MICHAEL P. MILLS**
                          **CHIEF JUDGE**
                          **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT OF MISSISSIPPI**