IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANNY L. ROBINSON                                                                                    PLAINTIFF

v.                                                                                    CIVIL ACTION NO.3:07CV74-M-A

RODGER RYAN, ET AL                                                                            DEFENDANTS

## ORDER

The defendants moved to strike the plaintiff's designation of expert witnesses, or in the alternative to allow out-of-time designation of expert witnesses by the defendants. The court finds that defendants' motion to strike is well taken and should be granted.

The case management order originally gave the plaintiff until March 7, 2008, to designate its experts.[1] On November 28, 2007 the plaintiff filed his designation of expert witnesses listing four treating physicians and Officer Gary Cowsurt, a deputy sheriff with the Pontotoc County Sheriff's Department. (Docket 120-9). Thereafter, on August 12, 2008, plaintiff filed his "First Supplemental Designation of Expert Witnesses" listing all experts previously designated but

---

[1]The defendants requested and received an extension of their expert designation deadline until May 7, 2008. The plaintiff never requested any extension of the expert designation deadline; therefore, the February 7, 2008 deadline established in the Case Management Order filed in this case on July 26, 2007 is the controlling deadline. Other deadlines, discovery and motion filing, were reset on July 21, 2008 after the District Judge continued the trial in this case. It is the standard in this court not to reset deadlines that have passed simply because a trial is continued unless the parties specifically request that they be reset. Plaintiff *did* move to extend the discovery, motion filing and pretrial conference deadlines (Docket 78), and the court granted that motion when a new trial date was set. As the parties did not request that expert designation deadlines be reset, those deadlines had passed and were not reset when the trial was continued.

1

adding Dr. Richard G. Thompson as an expert in economics and Mr. David E. Stewart as a vocational rehabilitation expert [Docket 120-10], but did not attach a written report signed by either expert as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. These reports were not provided to defendants until January 2009 in the form of a supplement to discovery. (Docket 120-11 & 120-12). Defendants requests that these reports and the untimely designation of experts be stricken because the experts were not designated until over nine months after the expiration of the plaintiff's expert designation deadline and their reports were not provided as required under the Rules until eleven months after the deadline. In the alternative, defendants request that they be allowed to designate experts out of time for the purpose of rebutting Dr. Thompson and Mr. Stewart.

The plaintiff responds that earlier designation and production was not possible because plaintiff's medical treatment was ongoing; Thompson's and Stewart's were necessarily predicated upon expert medical testimony concerning the plaintiff reaching maximum medical improvement and assigning a disability rating, and this information was not available until December 2008. According to plaintiff, it is "a logical conclusion for all parties involved that if the Court grants a continuance to allow the plaintiff time to develop his actual damages . . . that there would be additional expert witnesses designated regarding the Plaintiff's economic damages. (Docket 123, ¶12). Finally, the plaintiff moves that he be allowed to designate Dr. Thompson and Mr. Stewart out of time and agrees to defendants' request that defendant be allowed to designate experts in rebuttal. (Docket 123, ¶1 - 3.).

Generally, when a party fails to designate its expert as directed by the Federal Rules of Civil Procedure and the Uniform Local Rules, the expert is prohibited from testifying at trial.

2

While this result may appear harsh, the court consistently reminds counsel at every case management conference that the expert designation deadline is the last date by which all information which a given party intends to introduce through an expert witness must be provided to the opposing parties as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and applicable local rules, or counsel is at risk of preclusion of any such information at trial. Moreover, the court always verbally reminds counsel at the conference that if they encounter difficulties with obtaining the necessary expert information, they should contact the court immediately to obtain the court's assistance and to avoid the sanction of having late designations stricken.

Under Rule 26, a party must accompany his expert disclosure with:

> ...a written report – prepared and signed by the [expert] witness . . . . The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored within the previous ten years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

The penalty for failure to provide the information required by Rule 26(a) and the local rules of this court is that the offending party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing , or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Unif. Loc. R. 26.1(A)(5). This sanction is

anticipated, according to the comment on the rule, to provide a strong inducement for disclosure of expert information which is anticipated to be used at any hearing, including the trial, by the deadline. More important to the instant order, the Fifth Circuit recognizes that "[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Cleave v. Renal Care Group, Inc.*, 2:04CV161-P-A, slip op. at 2 (N.D.Miss. July 11, 2005) (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).

The contested experts and their reports were clearly not disclosed until long after the deadline for plaintiff's designation of expert witnesses. The court declines to allow plaintiff to "supplement" his designation of experts when it would actually amount to designating experts out of time. Moreover, the plaintiff's supplemental designation, even if she had been allowed to designate Dr. Thompson and Mr. Stewart after the deadline, was deficient in that the expert reports were not filed in conjunction with the supplemental designation, but *five months later* and only two weeks before expiration of the discovery deadline. Though the court is aware that the original trial was continued to allow discovery for purposes of including plaintiff's maximum medical improvement and disability rating, the deadline for plaintiff's expert designation passed months before the trial was continued. Plaintiff's counsel admits that he intended to add experts to testify as to his economic damages, yet he never sought an extension of the expert designation deadline or permission from the court to designate experts out of time. What the plaintiff deems "a logical conclusion" that he be allowed to designate experts due to his need for discovery and the continuance of the trial, is in direct contradiction to court policy, the Federal Rules of Civil

Procedure and the Uniform Local Rules. On one hand, plaintiff asks to be excused for his late designation and lack of opinions because information was not available and the trial was continued to accommodate the discovery of this information; on the other hand, it was plaintiff's burden to gather the necessary information long before the designation deadline ran or to seek an extension of the expert designation deadline, or permission to designate experts out of time, a burden which he clearly failed to meet. The court manages hundreds of cases; it cannot intuit that a given party in a given case who does seek a discovery extension but not an expert designation extension "logically" also intends to designate other experts. Without an affirmative request from the plaintiff for an extension – which the court warns on the front end will be required – or reasonable justification for the plaintiff's failure to timely designate experts and obtain expert opinions, plaintiff's experts Thompson and Stewart must be stricken.

Local Rule 26.1(A)(2)(c) does allow an out-of-time expert designation upon a showing of good cause. The *Campbell* factors to be used in the court's analysis of whether such good cause is present are: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citing *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989)). Normally the court would undergo a *Campbell* analysis upon separate motion and not when discussing whether an expert should be stricken for failure to timely and properly designate. However, the situation presently before the court – *i.e.*, the defendants' request in the alternative for leave to designate rebuttal experts and the plaintiff's willingness to allow designation of rebuttal experts in combination with plaintiff's

request for leave to designate Thompson and Stewart out of time – necessitates the court's consideration of whether the plaintiff can show good cause for his untimely designations.

It is clear that the witnesses – Thompson, an economist and Stewart, a vocational expert, are important to prove the plaintiff's claim for economic damages. Thus the court finds that in considering the first prong, the witnesses are of significant import to the plaintiff's claims. By the same token, to allow the expert testimony without any opportunity for rebuttal expert testimony would greatly prejudice the defendants. Accordingly, consideration of the second prong under *Campbell* reveals significant prejudice to the defendants if the testimony is allowed. Given that the plaintiff has already sought and was granted a continuance of the trial (third prong) in July 2008 specifically to gather information directly related to plaintiff's damages, that plaintiff states that the need for experts to testify regarding this evidence was a "logical" conclusion, plaintiff's failure to request permission to designate those experts out of time is due to plaintiff's own deficiency. Plaintiff provides a detailed explanation of why the medical evidence necessary to obtain the expert opinions regarding plaintiff's economic damages was delayed, and the court believes that delay was not due to plaintiff's lack of diligence. Nevertheless, plaintiff provides no explanation as to why he did not seek leave of court to designate new, and as he now argues necessary, experts. Considered under the fourth *Campbell* prong, plaintiff relies largely on circumstances that stem from his own failure to seek permission to designate. This case has been pending in this court since its removal from the Circuit Court of Pontotoc County, Mississippi, on June 15, 2007. Notably, the plaintiff sought and was denied a continuance of the trial in May 2008 [Docket 54], and was granted a continuance only after a second motion for continuance filed on June 20, 2008 [Docket 77]. The trial was originally set

for September 2008.  Currently it is set to begin on June 15, 2009.  The policies of the court regarding sequencing of a case will not now, with only a little over two months until trial, allow the late designation of Thompson and Stewart and accommodate defendants time to designate rebuttal experts and any motions or depositions related to those expert designations to occur before the current trial setting.  A continuance in this action would serve only to further delay the litigation which has already been substantially delayed to accommodate the plaintiff.  Accordingly, the plaintiff cannot prevail by traveling under the *Campbell* factors and attempting to designate his experts out of time at this time.

Based on the forgoing reasons, the court finds that the plaintiff's designations of Thompson and Stewart are not timely and should be stricken.

It is, therefore,

**ORDERED:**

The defendants' motion to strike the plaintiff's proposed experts Dr. Richard Thompson and Mr. David E. Stewart is GRANTED.

THIS, the 23rd day of March, 2009.

/s/ S. ALLAN ALEXANDER  
UNITED STATES MAGISTRATE JUDGE