IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DANNY L. ROBINSON**  **PLAINTIFF**

**V.**  **CASE NO. 3:07CV74-M-A**

**RODGER RYAN**
**INTERVECT U.S.A., INC.**
**MISSISSIPPI MUNICIPAL WORKERS'**
**COMPENSATION GROUP AND TOWN OF SHERMAN**  **DEFENDANTS**

### ORDER

This cause comes before the court on the appeal [127] of the plaintiff, Danny L. Robinson, seeking to overturn the Magistrate Judge's decision not to allow out of time designation of experts.

The instant matter was removed to this court on June 15, 2007. Robinson alleges the defendant, Rodger Ryan, negligently hit him with his car. Robinson claims he is entitled to compensation for medical expenses, pain and suffering, hedonic damages, mental and emotional anguish, anxiety, depression, distress, and suffering, as well as lost wages, lost income and his diminished earning capacity. In accordance with the local rules a Case Management Order ("CMO") was entered on July 26, 2007. The CMO required Ryan to designate any experts he wished to employ before November 29, 2007. In the CMO the Magistrate Judge specifically warned,

> [t]he parties are reminded that in accordance with Uniform Local Rule 26.1(A), the expert designation deadline is simply the last date by which a party must provide all Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26.1(A)(2) information and expect to be allowed to introduce it at trial.

On March 7, 2008, the defendants, Ryan and Intervect U.S.A., Inc. d/b/a/ Alimak Hek, Inc. ("Intervect"), moved the court for an extension of time in which to designate experts. The Magistrate Judge granted that motion allowing them to designate experts until May 7, 2008.

On April 30, 2008, Robinson moved the court to continue the trial date in order to complete additional discovery. The additional discovery requested made no mention of the need to designate further experts. The court denied Robinson's request. On June 20, 2008, Robinson made a second motion to continue the trial in order that he might obtain additional discovery.[1] The court granted the motion continuing the trial until June 15, 2009. Again this motion did not mention the need to designate additional experts.

Following the granting of this continuance, the Magistrate Judge extended the discovery deadline until January 29, 2009. She also extended the motion deadline until February 13, 2009. These extensions were granted at the request of Robinson who still did not mention the need to designate additional experts.

On January 12 and 16 Robinson designated two experts. On January 20, 2009, the defendants moved to strike those designations. On March 23, 2009, the Magistrate Judge granted the defendants' request. Robinson filed the instant appeal. This appeal does not specifically state the bounds of its requested relief, but the nature of the arguments make clear Robinson does not challenge the striking of his witnesses because of late designation, but instead appeals the Magistrate's decision not to grant him an extension in which to designate.[2]

On appeal from a ruling by the Magistrate Judge, this court will grant relief only if the

---

[1] Robinson supplemented his original motion on June 23, 2008.

[2] This extension was not requested until Robinson responded to Ryan's motion to strike.

opposing party shows the decision was clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a).

The Magistrate Judge applied the correct legal standard as found in *Campbell v. Keystone Aerial Surveys, Inc.* 138 F.3d 996 (5th Cir. 1998). *Campbell* requires courts

> to consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.

*Id*. at 1000 (citing *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989)).

Robinson argues the Magistrate failed to properly weigh the four factors, she failed to consider whether a continuance would cure any prejudice to the defendant, and that the Magistrate's decision is bad public policy.

The court first addresses the claim that the Magistrate failed to properly consider whether a continuance could cure the prejudice of the late designation. The court considers this claim first because it is raises the possibility that the Magistrate applied the incorrect standard in deciding the second prong of the *Campbell* test. The court reviews *de novo* whether the correct legal standard was applied.

The Fifth Circuit has held that a court must consider whether a continuance would cure any potential prejudice. *See Campbell*, 138 F.3d at 1000; *Bradley*, 866 F.2d at 124. The Magistrate Judge never specifically stated that she was considering this prong. However, the Magistrate Judge made significant findings related to the prong and explained why the facts at hand did not lend themselves to a continuance. The Magistrate found that this case has been

3

pending in this court since June 15, 2007, and had previously been on the docket of the Circuit Court of Pontotoc County.³ Further the Magistrate considered that Robinson had previously requested two continuances⁴ moving the trial date from September 2008 until June 2009. Based on these findings the Magistrate concluded that "[a] continuance in this action would serve only to further delay the litigation which has already been substantially delayed to accommodate the plaintiff." Such a conclusion implicitly finds that a continuance would cure the prejudice to Ryan, but is unwarranted.

This is exactly the type of finding contemplated by the Fifth Circuit's standard. In *Bradley*, the court held "a continuance would have allowed the Bradleys to cure all potential prejudice . . . however, . . . a continuance would neither punish the government for its conduct nor deter similar behavior in the future." 866 F.2d at 125-26. The court also noted the trial in that matter had already been postponed three times. *Id*. at 125 n. 8. In so holding, the Fifth Circuit was stating circumstances could exist where a continuance would cure any prejudice, but would be unwarranted. Thus any claim that the Magistrate failed to apply the proper legal standard is meritless. The court will address whether the Magistrate's specific finding were within her discretion as a part of the review of the balancing of the *Campbell* factors.

Having decided that the Magistrate Judge applied the correct standard, the court now must consider the Magistrate's weighing of the four factors. In making this determination the court does not substitute its own judgment for the judgment of the Magistrate Judge, but only

---

³ The Magistrate Judge does not discuss other specific dates associated with the filing of this matter, but the court notes the underlying accident took place on January 20, 2005 and the state court suit was filed on May 17, 2007.

⁴ Only the second of those continuances was granted.

4

determines if decision was clearly erroneous.

The Magistrate found that the first factor weighed in favor of allowing an out of time designation. It is obvious that the experts Robinson seeks to have testify go directly to the heart of his case. In fact Robinson will be precluded from bringing some damage claims if these experts are excluded.

The Magistrate found the second prong weighed against allowing an out of time designation. Allowing a late designation of experts would prejudice the defendants. This court requires expert designations nine to ten months prior to trial. This gives defendants thirty days to designate their own experts and then additional time to fully develop their cases. Allowing a designation ninety days before trial collapses this process. Assuming it takes thirty days for the defendants to procure the services of an expert, the parties then have only sixty days to prepare for trial. This also effectively eliminates the possibility of summary judgment motions which are due ninety days prior to trial.[5] It also vastly cuts into the time available for any necessary *Daubert* proceedings. Finally, late designation inhibits the parties ability to come to settlement. Most cases settle and most settlements take place in the two months prior to trial. Settlement is an equitable and efficient form of dispute resolution favored by federal courts. For the parties to develop the information they need in order to be able to settle discovery must, at some point, come to an end. Allowing out of time designations inhibits parties' abilities to settle and is prejudicial. It was not an abuse of discretion to find the defendants would be prejudiced by a late designation.

---

[5] The court grants little weight to this factor as no summary judgment motion was filed even in the absence of expert designations.

The Magistrate next made findings related to whether a continuance would cure the prejudice associated with the late designation. As discussed above the Magistrate Judge found that a continuance would cure the prejudice to the defendants. However, the Magistrate did not weigh this factor in favor of allowing late designation. This finding is based on the age of the case and the delay in its resolution. The Fifth Circuit has said continuances are favored over the exclusion of witnesses. *Bradley*, 866 F.2d at 127 n.11 (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108, 112 (5th Cir. 1982); *F&S Offshore, Inc. v. K.O. Steel Casting, Inc.*, 662 F.2d 1104, 1107-08 (5th Cir. 1981); *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159-60 (5th Cir. 1978)). In *Bradley*, the court made that statement, but then went on to find exclusion proper based on facts showing that the "plaintiffs were put in the untenable position of either proceeding with improperly-designated adverse witnesses or agreeing, six years after filing their claim, to a fourth continuance." *Id.*

Thus the court must look closely at the facts to determine how this factor should weigh. The instant case will have been pending in this court for approximately two years at the time it is currently scheduled to go to trial. Such a delay is not unusual. Further two years is significantly less than the six-year period in *Bradley*. Consistent with the *Bradley* holding, the Fifth Circuit in *Campbell* empathized with the parties' desire not to continue the case, but "emphasized that a continuance is the 'preferred means of dealing with a party's attempt to designate a witness out of time.'" *Campbell*, 138 F.3d at 1001 (quoting *Bradley*, 866 F.2d at 127 n.11). On its face the instant matter is factually distinct from *Bradley*.

The Magistrate Judge, however, considered factors other than the simple passage of time in making her decision. She noted the nine month delay between the original trial date and the

6

current setting was granted in order to accommodate Robinson. On February 12, 2008, Robinson filed a motion requesting an extension of the discovery deadlines. The defendants opposed that motion. The Magistrate Judge granted Robinson's motion. On April 30, 2008, Robinson filed a motion to continue the trial setting. Intervect opposed that continuance. The court agreed with Intervect's reasoning and denied the motion to continue. To this point it appears the defendants were pushing for this matter to go to trial.[6] On June 20, 2008, Robinson filed a second motion to continue the trial setting. Instead of opposing this motion the defendants requested the court grant the continuance writing, "in light of the recently obtained deposition testimony . . . it is now clear that all parties need additional time to analyze the evidence and to prepare to address the ongoing and developing state of the Plaintiff's medical situation." This indicates that both parties wished to continue the instant matter in order to fully prepare. The facts indicate there has been no extraordinary delay in this matter, the delay that exists is equally placed on the shoulders of all parties, and no specific reason exists preventing a continuance from curing the prejudice to the defendants. As such the court finds weighing this factor against designation is clearly contrary to the facts as presented.

     Finally, the court looks to the reason given by Robinson for his failure to timely designate experts. Robinson argues the expert testimony was not available to him until the late designation was made. The Magistrate Judge agreed that Robinson could not have earlier designated these experts because he was still under medical care and had not yet reached maximum medical recovery. However, the Magistrate Judge did not consider this a reason for failing to act timely.

---

[6] The court notes that implicit in the defendants' opposition to postponement is that they benefit from defending against a patient who is still under medical care as opposed to a patient who has definitively reached the point of maximum medical recovery.

It is clear that Robinson was aware of the way ongoing medical treatment would play into his evidence at trial at least by the summer of 2008. During that period he could have gotten permission to extend the designation deadlines. Robinson did not seek that permission. Instead he simply moved forward with the case and then ambushed the defendants with late designations. Robinson took the wrong tack in failing to apprise the court and defendants of his need to designate further experts. He wasted the courts time and doubtlessly the resources of the defendants.

The question is whether the fact the designation could not be made earlier is an explanation for the failure to request an extension. Looking to the cases cited by the parties it is difficult to determine the Fifth Circuit's holding on this point. In *Betzel v. State Farm Lloyds*, no explanation was given for a late designation yet the Fifth Circuit reversed the trial court's exclusion of the expert. 480 F.3d 704, 707 (5th Cir. 2007). In *Campbell*, the Fifth Circuit found that no explanation was given. 138 F.3d at 1000. In *Bradley*, the court was faced with a government policy that would repeatedly fail to comply with the rules. 866 F.2d at 126-27. Thus it was easy for that panel to reject the government's explanation. *Id*. None of these decisions show the Magistrate's decision was contrary to the law. Neither party points to a case where the Fifth Circuit has stated that the fact a designation could not be made until after the deadline is an explanation for not requesting the relief needed in a timely manner.

Magistrate Judges are in the best position to resolve discovery disputes. Thus this court will not reweigh the factors against each other. Instead the court will remand this dispute for resolution consistent with this order. Sanctions against Robinson are warranted. The extent of those sanctions will be decided by the Magistrate Judge after a careful balancing of the *Campbell*

factors. This court is aware that such a ruling at this late date will likely cause delay in the resolution of this matter. However, Robinson is entitled to have the possibility of a continuance curing the prejudice he has created weighed in determining if his experts should be allowed to testify. The truth seeking function of the court must outweigh the need for speedy resolution of this dispute under the instant fact scenario.

Robinson also questions the policy of allowing for the exclusion of expert witnesses for failure to comply with the rules. The defendants raise a partially briefed *Daubert* challenge to the late designated experts. The court does not consider those claims. The Fifth Circuit has created a policy under *Bradley* and *Campbell*. It is outside this court's purview to question those holdings. A *Daubert* challenge will be timely only if the Magistrate Judge determines these late designated experts should be allowed to testify.

The judgment of the Magistrate Judge is REVERSED and this matter is REMANDED for further consideration.

This the 7th day of May, 2009.

<u>/s/ MICHAEL P. MILLS</u>
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**