IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **DANNY L. ROBINSON** | **PLAINTIFF** |
| **AND** | **CASE NO. 3:07CV74** |
| **MISSISSIPPI MUNICIPAL WORKERS' COMPENSATION GROUP AND THE TOWN OF SHERMAN** | **INTERVENORS** |
| **V.** | |
| **RODGER RYAN AND INTERVECT U.S.A., INC. d/b/a ALIMAK HEK, INC.** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the court on the motion **[200]** of Plaintiff Danny Robinson for judgment as a matter of law or, in the alternative, for a new trial pursuant to Federal Rules of Civil Procedure 50 and 59.

This action arose from a vehicular collision that occurred between Danny Robinson and Rodger Ryan. Robinson brought suit alleging that Ryan was negligent in the backing of his vehicle, for failure to maintain a good and proper lookout, for failure to have his vehicle under good and proper control, for failure to see what he should have seen, and for failure to exercise reasonable care under the existing circumstances. Ryan maintained that Robinson was comparatively negligent for parking his City of Sherman patrol car directly behind Ryan's truck.

A jury trial was held in this matter beginning on July 19, 2010. On July 22, 2010 a jury found no fault on the part of either party in this case and awarded no damages. Plaintiff Robinson subsequently filed the instant motion.

A motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence to support a verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A judgment as a matter of law is inappropriate unless there is no legally sufficient evidentiary basis for a finding. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. In making a determination on this type of matter, a court must view the evidence in the light most favorable to the nonmovant. *Id*. The court is not free to weigh the evidence or to evaluate the credibility of witnesses. *Id*. The court must not substitute its own judgment for factual inferences that might be found. *Id*.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)); *see also Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id*. The judge must be convinced that the verdict is against the great weight of the evidence. *Id*.

Plaintiff first argues that this verdict is against the overwhelming weight of the evidence. Plaintiff relies on Defendant Rodger Ryan's testimony in support of this contention. At trial, Ryan agreed with Plaintiff's counsel that a driver should not needlessly endanger the public, and if the driver did endanger the public and hurt someone that he should be responsible for the harm. Ryan further agreed that a driver has the obligation to be aware of his surroundings and keep a lookout while backing up a vehicle. Ryan stated that prior to the accident he looked in his rear view mirror and after failing to see any obstruction, backed his vehicle out of the parking place. However, Ryan admitted that he did not check his side mirrors and did not physically turn around to look out his back window prior to driving in reverse. Ryan also stated that when he exited the convenience store, it was not possible for Robinson's vehicle to have already been present. Ryan did admit that at his deposition he stated that this scenario was in fact possible.

Ryan estimated that Robinson parked two to three feet behind the truck, while Robinson maintained that he parked six to ten feet behind the vehicle. Ryan testified that Robinson should not have parked directly behind Ryan's truck, despite stating at his deposition that Robinson was not at fault.

This court may not make credibility determinations, as discussed above. "Jurors may believe or disbelieve, accept or reject, the utterances of a witness." *Hicks v. State*, 812 So. 2d 179, 194 (¶ 40) (Miss. 2002) (quoting *Gandy v. State*, 373 So. 2d 1042, 1045 (Miss. 1979)). Ryan's statements do not prove that the verdict was against the overwhelming weight of the evidence, even assuming the jury believed Ryan's deposition testimony over his statements at trial. Ryan did not assume responsibility for the accident merely by stating Robinson did nothing wrong. Ryan's testimony could have possibly resulted in a verdict in favor of the plaintiff but the

3

fact that it did not fails to prove the verdict was against the overwhelming weight of the evidence. A judgment as matter of law was not proper on this ground at trial for these reasons, and it is not proper now.

Plaintiff further contends that the jury did not follow the law as instructed by the court. Plaintiff again points to Ryan's testimony and concludes that Ryan admitted he did not use reasonable care and was therefore, negligent. Plaintiff states that this alleged admission conflicts with the third jury instruction given by the court in this case.

Instruction 3 provided the following law:

> The court instructs you that an operator of a motor vehicle has a duty to maintain a proper lookout as is reasonable and prudent under existing conditions and to take appropriate and necessary precautions under the existing circumstances when backing a vehicle.
>
> Therefore, if you find from a preponderance of the evidence in this case that:
>
> 1. Rodger Ryan failed to keep a proper lookout as was reasonable and prudent under existing conditions or to take appropriate and necessary precautions under the existing circumstances when backing his vehicle, and
>
> 2. Such failure was the sole legal cause or a legal contributing cause of Danny Robinson's injuries, then you must find Rodger Ryan liable.
>
> However, if you find that Danny Robinson has failed to prove any one of these elements by a preponderance of the evidence, then you must not find Rodger Ryan liable.

Ryan stated that he did not view Robinson's car as he walked to his truck and that he looked into his rear view mirror before driving. Ryan did admit that he did not glance into his side mirror or physically turn around before placing his truck in reverse and backing out of the parking place.

Further, Drs. Mitias and Crosby testified that Robinson's injuries could have been the result of his epicondylitis, a degenerative disease, instead of any damage related to the accident.

It is reasonable to conclude that the jury did not find Ryan's failure to take further action than checking his rear view mirror to be a necessary precaution under the existing circumstances or that it was a contributing cause to Robinson's injuries. It is the role of the jury to weigh the credibility of witnesses and the evidence when applying the instructions of law. There is no proof that the jury disregarded these instructions, but merely chose to believe that Robinson failed to prove one or more of the elements based on the evidence. Specifically, the jury could have determined that looking in only the rear view mirror was reasonable under the circumstances and/or that Robinson's injuries were the result of a degenerative disease instead of the accident. Regardless, there is nothing in the record to show that the jury made determinations other than those it was charged to make.

Plaintiff states that he believes other instructions were not followed by the jury, but fails to provide what those might be. Regardless, the court notes that the jury was given Instruction 5, which provides that "[a]s a general rule, the mere fact that an accident has occurred is not, of itself, evidence of negligence on the part of anyone." The verdict indicates that the jury found no evidence constituting negligence on the part of either driver and instead deemed the collision an accident.

It is assumed that juries follow instructions of law. *Foradori v. Harris*, 523 F.3d 477 (5th Cir. 2008) (citing *United States v. Gallardo-Trapero*, 185 F.3d 307, 321 (5th Cir. 1999)). The court must presume that the jury followed the instruction that an accident alone is not proof of negligence, as its verdict indicates.

Plaintiff further argues that the jury verdict is incomplete. Plaintiff cites no law in support of his position. It appears Plaintiff concludes that because "[t]hat Ford pickup didn't move by itself," someone must be liable for the damages. Plaintiff goes on to proclaim that "there is actually no such thing as an accident." This position is in direct conflict with the law instructed by this court to the jury. Specifically, the jury was instructed that "[a]s a general rule, the mere fact that an accident has occurred is not, of itself, evidence of negligence on the part of anyone,"as discussed above. The jury was not required to find fault on the part of either party. The mere fact that Robinson suffered damages does not prove a claim of negligence by a preponderance of the evidence. The verdict is therefore not incomplete. Rather, the jury simply did not find Robinson or Ryan to be at fault in this case, in following the provided law. The court finds this argument to be without merit.

The court determines that the plaintiff has failed to prove that there was no legally sufficient evidentiary basis for the jury's verdict. Further, no circumstance exists that would warrant a new trial in this matter.

Plaintiff's motion **[200]** is **DENIED**.

This the 28th day of March, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**